IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Miguel Loyola, #A-N15968, ) | Case No.: 2:24-cv-07239-JD-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Carlos Genaro Muniz; Ashley Moody; ) | |
| Rick D. Dixon; Ana M. Divide; Joseph ) | |
| Perkins; Roy Jeffrey Kahn; Nushin G. ) | |
| Sayfie; Juan B. Fernandez; Katherin ) | |
| Fernandez Rundle; and John A. ) | |
| Tomasino, et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 10), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Angelo Miguel Loyola, #A-N15968's ("Plaintiff" or "Loyola") Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff, a state prisoner incarcerated at the Okeechobee Correctional Institution in Florida proceeding *pro se*, brings this civil action alleging fraud, murder, torture, elderly abuse, and numerous other "offenses." (DE 1 at 1.) Loyola filed this action on December 12, 2024. (DE 1.) On December 19, 2024, the Magistrate Judge issued a Proper Form Order explaining that Plaintiff's case was not in proper form because he had failed to pay the requisite filing fee or seek permission to proceed *in forma pauperis*. (DE 3.) In the Proper Form Order, the Magistrate Judge warned Plaintiff that he appeared to be subject to the three-strikes rule and that he would need to prepay the filing fee in full in order to proceed with his claims, unless he could show imminent danger.[2] (*Id.*) The Magistrate Judge further gave Plaintiff twenty-one days to pay the requisite filing fee or make such showing. (*Id.*)

On January 6, 2025, Plaintiff filed a completed and signed Application to Proceed Without Prepayment of Fees ("Form AO 240"), which the Court construes as a motion for leave to proceed *in forma pauperis* in this Court. (DE 6.) *See* 28 U.S.C. § 915(a)(1), (2). Plaintiff did not, however, include the required completed and signed financial certificate from his correctional institution with his Form AO 240. *See* 28 U.S.C. § 1915(a)(2) (requiring prisoners seeking to proceed without the prepayment of fees to submit "a certified copy of the trust fund account statement (or

---

[2]     Plaintiff has filed numerous unsuccessful civil actions in federal court. In *Loyola v. Inch, et al.*, Plaintiff was specifically recognized as having accrued more than three dismissals that count as strikes under 28 U.S.C. § 1915(g), and his case was dismissed for failure to pay the filing fee. *See Loyola v. Inch, et al.*, No. 2:19-cv-14260-RLR (S.D. Fl. Aug. 30, 2019). In accordance with this determination, this Court has likewise applied the three-strikes rule and dismissed one of Plaintiff's most recent cases on the same grounds. *See Loyola v. Baker et al.*, 6:22-cv-00058-JD (D.S.C. Apr. 27, 2022).

2

institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official").

### B. Report and Recommendation

On March 12, 2025, the Magistrate Judge issued the Report recommending Plaintiff's motion to proceed in forma pauperis (DE 6) be denied and that this action be dismissed without prejudice. (DE 10.) Applying the liberal pleading standard for *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89 (2007), the Magistrate Judge concluded that Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Plaintiff objected to the Report on March 31, 2025. (DE 12.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

3

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff submitted a handwritten, four-page objection to the Magistrate Judge's Report and Recommendation. (DE 12.) However, the only portion of the objection that addresses the Report's application of the "three strikes" provision under PLRA is the following conclusory statement: "I have jurisdiction in your court there is no statutes supporting the 3 strike law." (*Id.* at 1) (errors in original). This assertion, without supporting legal authority or factual development, fails to rebut the Report's analysis.

The Magistrate Judge correctly applied the "three strikes" provision set forth in 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has not alleged, nor does the record reflect, that he is under imminent danger of serious physical injury. Accordingly, the Court finds that the Report's application of § 1915(g) was proper and that Plaintiff's objection is without merit. Loyola's objection is therefore overruled.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 10) in its entirety and incorporates it herein by reference.

It is therefore **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (DE 6) is DENIED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 20, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.